September 7, 2006

              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

LARRY N. SMITH, JR.                           CIVIL ACTION

VERSUS                                        NO. 06-4221

VANLINER INSURANCE CO., ET AL.                SECTION "A"(3)

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by plaintiff Larry N. Smith, Jr.  Defendants Vanliner Insurance Co., United Van Lines, LLC, and Scott Gauer oppose the motion. The motion, set for expedited hearing on August 30, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion to remand is GRANTED.  The request for sanctions is DENIED.

### Background

This dispute arises out of an auto accident that occurred on June 5, 2004.  A vehicle being operated by Scott Gauer collided with a vehicle being operated by Larry Smith and containing passenger Wayne Nelson.  Smith and Nelson filed separate lawsuits in state court.

Defendants removed Smith's lawsuit to this Court on June 2, 2005.  Nelson's separate lawsuit was not removable at the time. On June 29, 2005, the parties filed a joint motion to remand the

Smith case based on the amount in controversy not meeting the jurisdictional threshold.  On July 12, 2005, Judge Porteous entered an order remanding the Smith case to state court.  The state court consolidated Smith's and Nelson's cases.

Nelson's case subsequently became removable and on April 19, 2006, Defendants filed their notice of removal in Nelson's case.  Nelson's case was docketed as Civil Action 06-2038 and assigned to this Section.  In the notice of removal filed in Nelson's case Defendants asked the Court to exercise supplemental jurisdiction over Smith's case, which the Court had previously remanded to state court.

Following an aborted preliminary conference, the Court held a status conference on August 3, 2006, to address Defendants' concerns regarding supplemental jurisdiction over the Smith matter.  At the status conference the Court explained that the consolidation of the Nelson and Smith matters in state court did not relieve Defendants of the requirement of filing a separate notice of removal in the Smith case.  In sum, the Court did not consider the Smith matter as pending in this Court given that no notice of removal had been filed in that case.  The Court instructed Defendants to file a notice of removal in Smith if they wanted the case considered in this Court.  The Court specifically stated that it was not making any type of determination as to whether it could ultimately keep the case.

On August 10, 2006, Defendant filed a notice of removal in Smith.

Smith now moves to remand the case back to state court for a second time.  Smith requests sanctions.

### **Discussion**

Smith argues that this case was improperly removed because 28 U.S.C. § 1441 only allows for removal of cases over which the Court has original jurisdiction.  Smith points out that the amount in controversy in his case does not exceed $75,000, which means that this Court lacks original subject matter jurisdiction.  Further, Smith points out that Defendants filed their notice of removal in his case outside the one year limit for removal provided in 28 U.S.C. § 1446(b).

In opposition, Defendants argue that Smith had notice of the removal as of April 19, 2006, when Defendants clearly explained in their notice of removal filed in Nelson that they were asking the Court to exercise supplemental jurisdiction of Smith's claims.  Defendants contend that the real issue before the Court is not whether they timely removed the Smith case but rather whether the Court will exercise supplemental jurisdiction over the Smith case pursuant to 28 U.S.C. § 1367.

Defendants' position lacks merit and confuses the concepts of removal and jurisdiction.  Smith's claims were pending in state court following remand from this Court.  A federal court cannot exercise jurisdiction over Smith's claims absent a proper

removal from state court.  Removal of cases from state court is governed by 28 U.S.C. §§ 1441, et seq.  In this circuit removal statutes are strictly construed against removal.  See Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. 1986) (citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979)).  Until the statutory requirements for removal are satisfied the Court has no discretion to ignore Smith's objection to defects in the removal and simply assume supplemental jurisdiction under § 1367.

28 U.S.C. § 1446(b) prohibits removal in diversity cases when more than 1 year has elapsed since the commencement of the action.  In Louisiana, a civil action is commenced by the filing of the petition.  See La. Civ. Code art. 421.  Smith filed his petition in state court on April 29, 2005.  The notice of removal in Smith was not filed until August 10, 2006, which is clearly outside the one year limit.  Consequently, Defendants' removal of the Smith matter was untimely.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by plaintiff Larry N. Smith, Jr. should be and is hereby **GRANTED**.  This matter is **REMANDED** to the Civil District Court for the Parish of Orleans pursuant to 28 U.S.C. § 1447(c).  The request for sanctions is **DENIED**.

* * * * * * *